OPINION
Plaintiff-appellant Cynthia E. Muzechuk, nka Rose, appeals the December 18, 2001 Judgment Entry of the Tuscarawas County Court of Common Pleas, which found she was not entitled to an implied easement. Defendants-appellees are Thomas A. Muzechuk and Patricia Muzechuk.
 STATEMENT OF THE CASE AND FACTS
Appellant married Thomas L. Muzechuk in 1980. In 1985, the couple built a house on land owned by Mr. Muzechuk's parents, appellees herein. Appellees had agreed to deed the property surrounding the house to appellant and her husband. Appellant and her husband began construction on the home in the late spring of 1985. Appellee Thomas A. Muzechuk served as general contractor for the construction project. As part of the construction, a septic system was installed.
Shortly before appellees deeded the property to appellant, they discovered the septic system was outside of the property boundary to be transferred. In July, 1985, all parties were aware the septic system was not on their property. A warranty deed for the property was recorded on September 10, 1985. Appellant, her former husband and her children moved into the residence in January, 1986. The deed did not include an easement for the septic system and appellees never subsequently granted an easement for use of the septic system.
Appellant and her husband divorced in early 2001. Pursuant to the divorce decree, the residence was sold at a public auction in the summer of 2001. At the time of the auction, the septic system would not be included in the sale. In fact, the disclosure form on the property clearly stated the property had no septic system. This disclosure was made at the auction to all potential bidders. Appellant, who already owned one-half interest in the property, purchased the property at auction. After appellant took possession of the residence, appellees turned off the septic system.
Thereafter, appellant filed a legal action requesting a temporary restraining order, a temporary injunction, and a permanent injunction. In an October 25, 2001 Judgment Entry, the trial court issued a temporary restraining order. The matter proceeded to a trial on December 14, 2001.
In a December 18, 2001 Judgment Entry, the trial court denied appellant's request for injunctive relief, finding no implied easement could be granted where appellant had failed to establish a long, continued, obvious manifest use to show the easement was meant to be permanent before the separation of the parcels of property took place.
It is from this judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING EXISTENCE OF AN IMPLIED EASEMENT WHERE THE EVIDENCE WAS SUFFICIENT TO SUPPORT SUCH EASEMENT. THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I.
In appellant's sole assignment of error, she maintains the trial court committed prejudicial error in failing to recognize the existence of an implied easement. We disagree.
We agree with the well-reasoned opinion of the trial court. Accordingly, we incorporate by reference the December 18, 2001 Judgment Entry of the trial court and overrule appellant's sole assignment of error for the reasons set forth therein.
The December 18, 2001 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.
HOFFMAN, P.J., GWIN, J., and EDWARDS, J., concur.